■ JEAN LIPNER, as Executrix of SAMUEL LIPNER, Deceased, Respondent, v. HYMAN LEVY, Appellant; et al., Defendant.— Judgment, Supreme Court, New

York County, entered on April 10, 1973, in plaintiff's favor, after trial in this malpractice action, unanimously reversed, on the law, and vacated, and a new trial directed, with $60 costs and disbursements to abide the event. Plaintiff, in her complaint, bill of particulars, and at all other times, including in her brief to this court, claimed that appellant-doctor was guilty of malpractice, causing her husband's death, in that, contrary to accepted standards of medical practice, he transferred her husband, while he was in the throes of a myocardian infarction, from a hospital at which appellant had no medical privileges, to another hospital, where he was chief of cardiology. This was the theory on which the case was originally submitted to the jury. However, the court thereafter, in response to questions from the jury, committed reversible error when it, in effect, submitted to the jury a new theory of liability not pleaded or tried out, namely: whether appellant was guilty of malpractice because of his "failure to administer proper medication". The jury rendered a general verdict. The court "presented to the jury a theory contrary to that advanced by plaintiff in his [her] bill of particulars and similarly advanced at the trial, in addition to the one so advanced. That was error. The verdict being a general one, it is impossible to determine upon what theory recovery was actually allowed [citing cases]". (*Yeargans* v. *Yeargans*, 24 A D 2d 280, 281.) A new trial is required. Concur — McGivern, P. J., Markewich, Nunez, Capozzoli and Lane, JJ.